## No. 16.—John S. Means, claimant, plaintiff in error, vs. Durham G. Sanders, defendant.

[1.] Executions are levied upon land, as the property of the defendant, which is claimed by B., and a verdict rendered, finding it subject.   Afterwards B. conveys it to C., and it is levied upon as the property of C., by executions in favor of D. and D. becomes the purchaser at Sheriff's sale, with actual notice of the litigation between the plaintiff in execution, and

B. D. puts in his claim to the land when offered for sale under the original levy: *Held*, that his title derived from B., through C., yields to the lien of the judgments, and that his title, thus derived, is concluded by the judgment on B's. claim.

Claim, in Macon Superior Court. Decided by Judge Powers, June Term, 1853.

The facts in this case are as follows:

In January, 1842, a lot of land was levied on by virtue of sundry *fi. fas.*, from a Justice's Court, in favor of Durham G. Sanders, *vs.* Kelsoe & Sims. The land was claimed by Joseph Boren; and in September, 1842, a verdict of a jury was had, finding the property subject. On this verdict no judgment was entered. In June, 1842, Boren made a deed to the land, to Geo. W. Martinlur; and in 1845, it was levied on as the property of Martinlur, at the instance of John S. Means, and sold at sheriff's sale, and Means became the purchaser. Subsequently, the *fi. fas.* of Sanders, above mentioned, were re-levied, and the claim was interposed by Means. Upon the trial, it was in evidence, that on the trial of the former claim case, Means had acted as the agent of Sanders, and consequently knew of the pendency of the judgment, &c., when he bought the land. There was an attempt to show some payments on the judgments of Sanders, and sundry testimony as to the title of Kelsoe & Sims, &c. The Court charged the jury, that if the claimant held under Joseph Boren, and if he purchased with notice of the pendency of the claim case, and the rendition of a verdict finding the property subject; yet, if the purchase was not for the purpose of fraud, his title was not affected by those facts.

The jury having found for the claimant, a new trial was moved for, on the ground of error in said charge of the Court. And said motion, for a new trial, being argued before Judge *Powers*, a new trial was granted.

To which decision, claimant now excepts.

MILLER & MILLER, and ROBINSON, for plaintiff in error.

John S. Means *vs.* Durham G. Sanders.

HUNTER, for defendant in error.

D. W. MILLER, for plaintiff in error, submitted the following brief:

1. The levy is void for uncertainty, 10 *Ga. Rep.* 74.   18 *Johns.* 109.   1 *Swan.* 375.   1 *N. H. Rep.* 93.   12 *Ga.* 431. *Cobb's Dig.* 682.

2. There was no return of no personalty, by the levying constable.   3 *Ga.* 224.   7 *Humph.* 257.   2 *Pet. Card. Rep.* 154.   *Cobb's Dig.* 652.   3 *Ga.* 224.

3. The judgments are void.   The Justice's Docket wants the entry of facts, to show jurisdiction.   *Gray vs. McNeill,* 12 *Ga.* 424.   6 *Johns.* 126.   15 *Johns.* 476.   9 *Cowen.* 61.

4. There was no *lis pendens,* when Martinlur bought from Boren.   1 *Strobhart,* 180.

5. The claim case of Sanders and Boren, involved only a part of the land now in issue—the 28 acres of lot 72.   The description of this is too uncertain.   10 *Ga.* 74.   *Cobb's Dig.* 11 *Ga.* 523, 4.

6. A judgment in a claim case, has no more effect than a judgment in ejectment.   *Adams on Eject.* 327, 215. 351. Quotes 4 *Cowen* 681.

7. The verdict against Boren, cannot be admitted, without the judgment.   It has no effect alone.   1 *Greenl. Ev.* 554. 1 *Phil. Ev.* 389.   2 *Phil. Ev. (New Ed.)* 137.   4 *Phil. Ev. (New Ed.)* 293.

8. Verdict will not be set aside, when there has been evidence on both sides, and no rule of Law has been violated. 7 *Ga.* 295, 269, 283.   2 *Ga.* 15.   4. *Ga.* 175.   6 *Ga.* 315.

G. R. HUNTER—Brief of points and authorities, relied upon by counsel, for defendant in error:

1st. The Court erred in its charge to the jury.   Means' title being affected by the verdict and judgment rendered in the claim case.   1 *Greenleaf* § 536.   11 *Ga. Rep.* 265.   1

*J. Ch. Rep.* 565, 416.   2 *Powell on Mortgages, p* 624, (*Note* 1.)   9   *Ga. Rep.* 247.   11   *Ga. Rep.* 641.   *Hotchk.* 548. 12 *Ga. Rep.* 429. 1 *Starkie* 190, 192, '3.

2nd. Verdict of the jury unsupported by evidence, and the Court will grant a new trial.   10 *Ga. Rep.* 384.

*By the Court.*—NISBET, J. delivering the opinion.

Several interesting questions were argued by the counsel for the plaintiff in error, in this case, which we do not feel at liberty to decide, because they were not passed upon by the Court on the trial.   Such as the question, as to the uncertainty of the levy—the want of a return on the *fi. fas.* of no personal property—the insufficiency of the Magistrate's entries on his docket, &c.   As the case goes back, counsel will yet have an opportunity of making these points, and if they think proper, of bringing them to this Court.   The record requires our judgment only upon the judgment of the Court, awarding the new trial.   The new trial was asked upon two grounds:

1st.  Because the verdict was without evidence: we say that there was some evidence, and pass to the 2nd ground.

[1.]  Which is, that the presiding Judge erred in instructing the jury, "That the fact of Means, purchasing the land levied on, while the same was under levy, at the instance of the plaintiff, and had been condemned as subject to the execution of the plaintiff, under a claim interposed by Joseph Boren; although the title purchased by the claimant, was derived from Boren, and although claimant had notice of the pendency of the claim, and the rendition of the verdict finding the land subject, unless the jury should be of opinion that the purchase of the claimant, was made for the purpose of fraud, did not affect his title."

All these things we agree with Judge *Warren*, would not affect a title in Means, the claimant, derived from others than Boren, and paramount to the lien of the judgments; but we dissent wholly from the position, that they do not affect his

title derived from Boren.   He relied alone upon a title derived
from Boren, and if he had not, the charge of the Court
expressly assumes, that a title derived from Boren, would not
be affected by the condemnation of the property, as liable to
the judgments, against the title of Boren, put in issue upon the
trial of the first claim ; even with notice of the pendency of the
claim and of the verdict rendered in the cause.   We advert to
the facts.   The land in controversy, was levied upon by these
executions in favor of Sanders, and claimed by Boren : the
claim was tried and a verdict rendered, finding it subject
against the claim of Boren.   Afterwards, Boren conveyed it
to Martinlur—Means holding a judgment against Martinlur,
caused it to be levied upon and brought to sale, and he (Means)
became the purchaser.   The original levy, by Sanders, pro-
ceeding after the termination of the claim put in by Boren,
Means interposed his claim, and upon the trial of his claim,
the Court instructed the jury as above.   It was proven on the
trial, that Means had actual notice of the litigation on Boren's
claim—whether Martinlur had notice of that litigation, except
in so far as *lis pendens* was notice to him, does not appear.
These are the facts.   Now we hold, that the decision of the
claim of Boren, was a judgment of the Court, in favor of the
lien of the judgments, as against Boren's title, whatever that
was.   This judgment was conclusive against Boren.   It has not
been impeached—it was rendered by a Court having juris-
diction, and there is no pretence of its irregularity ; and if it
was irregular, it could only be set aside for that cause, by
a proper proceeding before the Court that rendered it.   It
was not only binding upon Boren, but it was binding upon
his privies.   Martinlur bought of Boren, and Means at Sheriff's
sale, bought Martinlur's title, which was the title of Boren—no
more and no less.   Means claiming through Martinlur, and he
through Boren ; Means was a privy in Law to Boren, and is
as much concluded by the judgment in the claim suit as Boren
himself.   And to make the case conclusive against him, as to
any Equity, he had notice—actual notice of the litigation,
between the plaintiff in execution and Boren.   It is proven,

that he attended to the claim case for Boren. Martinlur's want of notice, will not protect Means. He, Means, bought property subject to the lien of the judgments, and he acquired Martinlur's title, which was subject to that lien. The doctrine of notice, so far as Martinlur is concerned, does not apply to the case. The lien of the judgments must prevail, aside from any other consideration ; unless Means can show a title superior to that lien. He does not do this, but rests upon a title (Boren's) which has been adjudged inferior to the lien of the judgments.

In this case, the judgment in the first claim was not entered up. There is no evidence that the judgment on the verdict rendered, was arrested or a new trial granted. So far as the records disclose the facts, the plaintiff in execution is entitled to enter it up at any time upon application to the Court. We do not say, but that exception to the inadmissibility of the verdict in evidence, without the judgment, might have been good. It does not appear, however, that any such exception was taken, and if it was, it is not brought here. But all consideration of this point is now unnecessary, for the charge of the Court assumes a judgment. The Judge says, that if the property was condemned, as liable to the plaintiff's executions, &c., then Means' title is unaffected. He means a legal condemnation.

Let the judgment be affirmed.